BYRNES, Judge.
This is an appeal from a judgment granting recovery on a promissory note and dismissing a reconventional demand. We affirm.
In July 1982, appellant, Charles Fanz entered into a written agreement with Ace-Perrette Fence Co. for the construction of a chain link fence on part of his property. The specifications were later changed to provide for a wooden fence. This change increased the cost of the job, and Ace-Per-rette agreed to take a promissory note for the increased cost. When problems developed with the fence, Fanz refused to pay the note. After written demand failed to produce payment, Ace-Perrette filed suit. Fanz reconvened, seeking a reduction in price due to the alleged defects in the fence.
Not suprisingly, the evidence and testimony produced at trial was conflicting. Appellant introduced photographs of the fence which showed that it sagged and/or leaned. He also testified that the fence had fallen over at one point, that the cement around the fence posts had cracked and that several boards were either rotten or defective.
Mr. Perrette, of Ace-Perrette, testified that the fence had been built on a portion of appellant’s property which had been raised several feet above adjoining property by the addition of fill and that settling of this fill could have caused the problems with the fence. Mr. Perrette also testified that he had advised Mr. Fanz that longer poles and a chain wall would be necessary to assure that the fence could withstand strong winds, but that Mr. Fanz rejected the suggestion due to cost. Mr. Fanz denied this. There was also conflicting evidence concerning the construction methods used by Ace-Perrette, particularly in the mixing of cement for post footings.
The record indicates that Mr. Fanz was present throughout construction of the fence. Several defective boards were replaced during construction at his request, indicating that he was aware of the condition of the fence. The record also shows that after completion of the work, Mr. Fanz signed an acceptance form stating that the work was completed in a manner which was satisfactory to him and in conformance with the specifications. Mr. Fanz testified that he signed this form on the basis of Mr. Perrette’s assurance that certain problem would be corrected. However, he also testified that he was aware of the nature of the document when he signed it. Finally, Mr. Fanz admitted that he had not honored his promissory note to Ace-Perrette.
The trial judge, faced with the often contradictory testimony of the witnesses, was forced to make a credibility determination. He chose to believe Mr. Perrette, and was persuaded that the fence was properly constructed. He concluded that the defects in the fence shown by Mr. Fanz were not caused by Ace-Perrette.
The factual conclusions of the trial court must be given great weight and will not be reversed on appeal absent manifest error. Moreover, a trial judge’s evaluations of credibility and reasonable inferences of fact should not be disturbed on appeal even if the appellate court feels its own evaluation or inferences might be more reasonable. Canter v. Koehring Co., 283 So.2d 716 (La.1973).
We have carefully reviewed the entire record in this matter and cannot say that the trial court committed manifest error in reaching his decision. Although much of the testimony was conflicting, the judge’s ultimate conclusion appears reasonable and will therefore be left undisturbed.
For the foregoing reasons, the judgment of the lower court is affirmed at appellant’s cost.
AFFIRMED.